IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERTO A. GONZALEZ, AKA Sleepy-
G/Gilbert Gonzalez,

      Plaintiff,

vs.                                                                                         No. CIV 23-0503 JB/KBM

FNU LNU, Unnamed DOJ Employee; FNU
GONZALEZ, Counselor, FBOP, and FNU
LANGO, Supervisor of USP Counselors,
FBOP,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Amended Complaint for Violation of Civil Rights, filed July 21, 2023 (Doc. 3)("Complaint"). Plaintiff Gilberto A. Gonzalez is incarcerated in the United States Penitentiary Victorville, in Victorville, San Bernardino County, California ("Victorville"). He raises Bivens[1] claims against members of the Victorville staff and an unknown United States Department of Justice employee based, among other things, on the confiscation of his tax return to satisfy a restitution obligation that he alleges lacks legal justification. See Complaint at 2-5. He seeks a refund of the confiscated funds and punitive damages. See Complaint at 5.[2]

---

[1] In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting under the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. 662, at 675-76 (2009)(stating that Bivens actions are the "federal analog" to 42 U.S.C. § 1983 actions).

[2] Gonzalez also requests a copy of his sentencing transcripts as proof that the Honorable

Before analyzing the merits, the Court will determine whether venue is proper in the United States District Court for the District of New Mexico. Courts can evaluate venue, as part of the initial review process, sua sponte, or on a motion by the parties. See Johnson v. Christopher, 233 F. App'x 852, 854 (10th Cir. 2007)(analyzing improper venue and noting "the district court has discretion" to evaluate the matter sua sponte). Section 1391 of Title 28 permits a civil action to be brought in:

> (1)   a judicial district in which any defendant resides . . . ;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to . . . personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met. All known parties reside in California, and the Court does not have personal jurisdiction over any Defendant. See Complaint at 2; 28 U.S.C. § 1391(c)(2) (stating that for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). As to subsection (2), courts must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims," and determine whether "substantial events material to

---

James A. Parker, United States District Judge for the United States District Court for the District of New Mexico, excused him from paying restitution. See Complaint at 17. Regarding this request, however, Gonzalez has not provided a case number, and a search of Gonzalez's name in the court's docket records does not show that Judge Parker sentenced Gonzalez. As Gonzalez has not provided sufficient information to facilitate the Court's search, the Court will deny this request.

those claims occurred" in this district.  Emps. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1166 (10th Cir. 2010).  Accepting the allegations as true, the claims here bear no relation to New Mexico.  They arise from events that took place in Victorville and, as to the unknown Defendant DOJ employee, in an unknown location.  Subsection (2) therefore does not establish venue is proper.  Finally, subsection (3) does not apply, because Gonzalez can sue the Defendants in California.

Where, as here, venue is improper, the Court may transfer the civil action to any other district "where it might have been brought."  28 U.S.C. § 1404(a).  The following discretionary factors must weigh in favor of the transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

Emps. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d at 1167.  The transfer must also be in the interest of justice; otherwise, the Court should dismiss the matter without prejudice.  Courts consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ."  In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).  See Faulkenburg v. Weir, 350 F. App'x 208, 210 (10th Cir. 2009)(applying the Cline factors to a venue transfer).

On balance, the above factors favor a transfer rather than dismissal.  The case could have been brought in California; all alleged wrongdoing occurred there and most evidence would come from California witnesses or Victorville prison records; and all known Defendants are located there.

See 28 U.S.C. § 1391(b)(2), (c); Complaint at 5. The Court also concludes that a transfer is appropriate, because it appears the claims were filed in good faith and may have merit. A venue transfer is therefore proper, convenient for the parties, and in the interest of justice. Because San Bernardino County is in the Central District of California, the Court will transfer all pleadings and motions to the United States District Court for the Central District of California. See 28 U.S.C. § 84(c) (providing for the Central District of California's composition by county). The Court directs the Clerk's Office to terminate administratively the Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 21, 2023 (Doc. 4), as the application is no longer pending in this District, and to close the civil case.

**IT IS ORDERED** that: (i) the Clerk's Office shall transfer the Plaintiff's Amended Complaint for Violation of Civil Rights, filed July 21, 2023 (Doc. 3), and Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 21, 2023 (Doc. 4), to the United States District Court for the Central District of California; (ii) the Clerk's Office shall terminate the pending Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 21, 2023 (Doc. 4); and (iii) the Clerk's Office shall close the case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Gilberto A. Gonzalez
Adelanto, California

    *Petitioner pro se*